638 A.2d 153

OLIVER V. HEULITT, PLAINTIFF–APPELLANT, v. WEST MICHIGAN PLUMBING AND HEATING, INC., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 31, 1994—Decided February 28, 1994.

Before Judges J.H. COLEMAN and BILDER.

*Louis R. Di Lieto* argued the cause for appellant.

*Steven F. Nemeth* argued the cause for respondent (*Berry, Kagan & Sahradnik*, attorneys).

BILDER, J.A.D. (retired and temporarily assigned on recall).

This is a suit by a New Jersey sub-contractor against a Michigan general contractor for amounts allegedly due on two contracts, one involving work done in New Jersey and the other involving work done in Michigan. Both of the sub-contracts contained a provision binding the sub-contractor "to the terms of the original contract relating to * * * disputes." And both of the

. relevant original contracts [1] with the owners provided for mandatory binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

Plaintiff Oliver Heulitt, a plumbing and heating subcontractor, appeals from an order of the Law Division dismissing the complaint on grounds of lack of personal jurisdiction, lack of subject matter jurisdiction, and comity.

A brief recounting of the procedural history is necessary to an understanding of the issues raised. Plaintiff instituted this suit in New Jersey by filing a complaint on June 10, 1992. Mail service was attempted a week later. A motion by defendant to dismiss the complaint for lack of jurisdiction and insufficiency of service of process under R. 4:6–2(a), (b), and (d) was heard on September 14, 1992 and resulted in an order of September 24, 1992 in which the court quashed the service but specifically declined to make a ruling at that time as to the jurisdiction questions. Thereafter proper service was made on defendant on September 29, 1992 by service on its registered agent in Trenton.

Two weeks later, on October 15, 1992, defendant West Michigan filed a second motion to dismiss pursuant to R. 4:6–2, repeating its claims of lack of personal or subject matter jurisdiction and adding a claim that the court should decline jurisdiction on principles of comity.

In the meantime, on September 15, 1992 defendant filed a declaratory judgment action against plaintiff in Michigan in which it sought a declaration that the dispute between the parties must be arbitrated. Defendant was served on September 27, 1992 and about a week later, on October 8, 1992, filed an answer which, *inter alia,* pled the pendency of the New Jersey litigation and the Single Controversy Doctrine as separate defenses but did not contest the jurisdiction of the Michigan court. This litigation was essentially concluded on March 18, 1993 when the Michigan Court

---

[1] The sub-contracts defined the term "original contract" as referring to the general contractor's contract with the owner.

filed an opinion in which it found that West Michigan was entitled to an order declaring that the arbitration provisions of the contract with the owner are applicable in the dispute between Heulitt and West Michigan.

On November 12, 1992, plaintiff filed a cross-motion in the New Jersey action in which he sought an order enjoining West Michigan from proceeding with the Michigan suit.

On December 9, 1992, following review of the papers and oral argument, plaintiff's New Jersey complaint was dismissed on grounds of lack of personal jurisdiction, subject matter jurisdiction and comity.

On appeal plaintiff attacks the Michigan action as a vexatious suit, not calculated to do justice or afford him adequate relief, and contends that West Michigan should be enjoined from pursuing it.

■■ The Michigan court has now issued a final judgment finding that the matters in dispute must be arbitrated. By entering a general appearance, plaintiff has submitted to the jurisdiction of the Michigan court. The matter is now *res judicata*. Principles of full faith and credit require that we honor the Michigan judgment.

It is well established that where the same cause of action is pursued in different courts, the first judgment rendered is *res judicata* of the matter, irrespective of the order in which the cases were commenced, and becomes a bar in the second suit. *See* Restatement (Second) of Judgments § 14 (1982); 46 Am.Jur.2d, *Judgments* § 471 (1969); 50 C.J.S. *Judgments* § 602 (1947). "Whichever judgment is first in time is necessarily final to the extent to which it becomes a judgment." *Old Colony Trust Co. v. Commissioner of Internal Revenue*, 279 *U.S.* 716, 728, 49 *S.Ct.* 499, 503, 73 *L.Ed.* 918, 927 (1929). In their comment to § 14 the Reporters of the Restatement said:

a. *General.* In order that a final judgment shall be given res judicata effect in a pending action, it is not required that the judgment shall have been rendered before that action was commenced. Nor is a judgment, otherwise entitled to res judicata effect in a pending action, to be deprived of such effect by the fact that the

action in which it was rendered was commenced later than the pending action. It is merely required that rendition of the final judgment shall antedate its application as res judicata in the pending action. Thus when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought.

"The rule of primacy to the first final judgment is a necessary incident to the requirement of full faith and credit." *Hanson v. Denckla,* 357 *U.S.* 235, 256, 78 *S.Ct.* 1228, 1241, 2 *L.Ed.2d* 1283, 1299 (1958).

The arbitration question has been decided and can no longer be litigated in our courts.

Affirmed.